CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 29 2010

JOHN F. CORCORAN, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JEFFREY JASON GARDNER,<br>    Plaintiff, | Civil Action No. 7:10-cv-00329 |
| v. | **MEMORANDUM OPINION** |
| C. HAWKS, et al.,<br>    Defendants. | By: Hon. James C. Turk<br>Senior United States District Judge |

Jeffrey Jason Gardner, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants C. Hawks, L.P.N.; A. Bucklen, R.N.; L. Phipps, R.C.N.B.; Mr. Whited, R.N.C.B.; Lieutenant Vandyke, Sergeant Tammy Mitchem, and all other Staff of the Keen Mountain Correctional Center ("KMCC"). Plaintiff alleges the defendants were deliberately indifferent to his serious medical need, in violation of the Eighth Amendment. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. On April 24, 2010, plaintiff felt pain in his hip from an old hip injury. Plaintiff reported to the medical department, and defendant Hawks told plaintiff to report to the morning and evening pill calls to receive Motrin. Plaintiff paid the $5 co-pay and received a payment receipt, but he did not receive a pill-line pass as required by KMCC policy.

The next day before 7:30 a.m., plaintiff left his cell to report to the morning pill call, but Sgt. Mitchem stopped plaintiff and requested his pill-line pass. Plaintiff informed Sgt. Mitchem

that Hawks forgot to give him a pass. Sgt. Mitchem did not permit plaintiff to go to the pill-call without the pass. When Lt. Vandyke entered the area, plaintiff explained that Sgt. Mitchem would not let him go to pill call, but Lt. Vandyke affirmed Sgt. Mitchem's order.

Plaintiff filed an emergency grievance, and defendant Buckler responded several hours later, saying plaintiff should appear at the evening pill call. Plaintiff received the Motrin during the evening pill-call at around 4:45. Defendant Phipps responded to a subsequent grievance, noting that plaintiff was receiving his medications "as ordered." Defendant Whited allegedly "is responsible for" the pill-call pass policy. Because plaintiff did not receive a Motrin for nine hours and twenty minutes, he requests as relief $252,700.00 in compensatory damages; $2,394,000.00 in punitive damages; court costs; his choice of employment, housing assignment, cell mate, and footwear; his weekly commissary limit be increased to $100.00; post-conviction relief; a religious diet any time he chooses to participate in a religious practice; and any other relief to which he is entitled.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing

2

that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to state a claim against defendant "Staff of the KMCC" because the term

3

"staff" as a name for alleged defendants is not adequate to state a claim against a "person" required by § 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989).

A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for insufficient medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to show deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). See Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986).

To bring an insufficient medical treatment claim against non-medical prison personnel, plaintiff must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were deliberately indifferent to the prison physician's misconduct where even a lay person would understand that the medical care provider is being deliberately indifferent. Miltier, 896 F.2d at 854. Supervisory

prison officials are entitled to rely on the professional judgment of trained medical personnel. Id. Supervisory liability is not established merely by showing that a subordinate was deliberately indifferent to a plaintiff's needs. Id.

Plaintiff fails to establish that he experienced a serious medical need to implicate the Eighth Amendment's protection. Plaintiff alleges that he merely missed one morning dose of Motrin for an old hip injury. See Washington v. Brown, No. Civ. S-06-1994, 2010 U.S. Dist. LEXIS 68986, at *37-38 (July 12, 2010) (plaintiff's alleged inability to take Motrin for five days did not pose an objectively serious medical need without lasting pain). The record does not indicate that the old hip injury constituted a substantial risk of serious harm or perpetuated severe pain without treatment of Motrin between the morning and evening pill-call.

Furthermore, plaintiff fails to establish a defendant's deliberate indifference. The most plaintiff alleges against Hawks is that Hawks negligently failed to give plaintiff the pill-call pass. Buckler and Phipps merely responded to plaintiff's grievances, and nothing in the record indicates that they were personally aware of facts indicating a substantial risk of serious harm. Whited allegedly wrote the pill-call pass policy, and plaintiff does not allege Whited's personal involvement in plaintiff's allegations. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) (§ 1983 requires a showing of personal fault on the part of a defendant). Moreover, the correctional officers did not permit plaintiff to attend the morning pill-call because he admittedly did not have a pill-call pass. Thus, the officers were not intentionally delaying or denying him access; plaintiff did not present them with evidence of permission to go there. Plaintiff's arguments that the officers could have made other decisions presents a claim of negligence, not deliberate indifference. See Estelle, 429 U.S. 104-05 (stating

claims of negligence are not cognizable in a § 1983 proceeding). Finally, plaintiff acknowledges that he received the Motrin at the evening pill call, and a insignificant delay in treatment that did not result in substantial harm does not implicate the Eighth Amendment. See Webb v. Hamidullah, No. 06-7381, 281 F. App'x 159, 167 (4th Cir. June 6, 2008) (unpublished) (citing Sealock v. Colorado, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (same); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (same)). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and the court dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may refile his claims at the time of his choosing.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 28th day of July, 2010.

*[signature]*
Senior United States District Judge